John T. Clancy, S.
The testator, Henry Sahakian, died on August 18, 1960 leaving a last 'will and testament dated April 29, 1959, which has been admitted to probate by this court.
In this accounting proceeding the executrix has petitioned this court for a construction of ‘ ‘ Article III ’ ’ of this will, which reads as follows: “I give and bequeath all of the shares of stock owned by me, directly or indirectly, in the Boston Fund and in the Affiliated Fund, to my beloved grandchildren in being at the time of my death, share and share alike. ’ ’
The decedent was survived by five grandchildren.
Two years prior to the execution of the will, on April 15, 1957, the decedent made and executed a revocable inter vivos trust of this stock in the Boston Fund Inc. The beneficiary named under this trust is Jeffrey A. Uvezian, the eldest of testator’s grandchildren. The contingent beneficiary is Robert A. Uvezian, the only other grandchild born at that time. Subsequent to the execution of this instrument three more grandchildren were born.
It has been stipulated by all the parties concerned that it was the testator’s intention that all his grandchildren share equally in this stock as prescribed -in his will.
The declaration of -trust is a revocable inter vivos trust in which the testator reserved to himself the right to revoke or change the beneficiary. -
*850 The special guardian for Jeffrey A. Uvezian takes the position that although the testator intended to revoke this trust, he failed to do so effectively. The eases cited in support of his argument apply to a residuary gift and not to a specific bequest as in this case.
The court is, therefore, of the opinion that the testator effectively revoked this trust by ‘ ‘ Article III ’ ’ of his will.
A revocable trust may be revoked in any manner which shows a clear and definite purpose on the part of the testator. Accordingly, the court will follow the rule as set down in Broga v. Rome Trust Co. (151 Misc. 641).
The trust was testamentary in character and consequently can be revoked by a will, irrespective of any general provision as to the manner in which the instrument could be revoked.
Account settled.